**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KLITON DURI,** | ) | **Case No. 1:07 CV 1599** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| **vs.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **MARK HANSEN, District Director** | ) | **AND ORDER** |
| **Cleveland District Office, United** | ) | |
| **States Citizenship & Immigration** | ) | |
| **Services, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion to Remand (ECF #10).  Plaintiff has filed his Response in Opposition and Defendants have submitted a Reply brief.  The matter is now ready for decision.  For the reasons that follow, Defendants' Motion to Dismiss is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Kliton Duri filed his Petition for Hearing on Naturalization Application and Request for Declaratory and Injunctive Relief in this Court on May 31, 2007, asking this Court to assume jurisdiction over his application for naturalization, to review de novo his application and grant his application for naturalization or, in the alternative, order Defendants to promptly adjudicate, within 60 days, his pending application for naturalization.  (ECF #1).  Plaintiff also seeks a declaration holding unlawful: (a) the failure of Defendants Chertoff, Gonzales, and Hansen to adjudicate Plaintiff's application for naturalization within a reasonable period of time; (b) the failure of Defendants Gonzales and Mueller to complete the name check and other

background checks within a reasonable period of time; and (c) Defendants' failures to take all

necessary steps to adjudicate Plaintiff's naturalization application within 120 days of the date of

the examination. Finally, Plaintiff seeks reasonable attorneys fees and costs pursuant to the

Equal Access to Justice Act. (ECF #8 at p.7).  Plaintiff contends that this Court has subject

matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., specifically, 8 U.S.C. §

1447(b) because the United States Citizenship and Immigration Services ("USCIS") has failed to

adjudicate the application despite the passage of more than 120 days since the date of Plaintiff's

naturalization examination.  Plaintiff also asserts that this Court has jurisdiction under the

Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. §555

and §701 *et seq*., and the Mandamus Act, 28 U.S. C. § 1361.  (ECF #8 at p. 2)

Plaintiff filed his application for naturalization (Form N-400) on or about March 16,

2006.  (ECF #10-2 at p. 1).  On June 26, 2006, Plaintiff was interviewed at the Cleveland USCIS

Office on his naturalization application. (ECF #10-2 at p.2).  In addition to an interview, the

USCIS conducts various forms of security and background checks including requesting a name

check through the Federal Bureau of Investigation ("FBI").  The USCIS submitted Mr. Duri's

name check request to the FBI on or about March 28, 2006. (ECF #10-2 at p. 2).  The USCIS

background check, including the FBI name check are not yet completed.  (ECF #10-2 at p. 2).

Plaintiff filed the current action on May 31, 2007, while his naturalization application remains

pending with USCIS.

2

### STANDARD OF REVIEW

There are two categories of motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)–facial attacks and factual attacks. *U.S. v. Ritchie*, 15 F.3d. 592, 598 (6th Cir. 1994).  A facial attack challenges the court's subject matter jurisdiction based upon the sufficiency of the pleadings.  In considering a "facial attack", a court will consider the material allegations of fact set forth in the complaint as being true and construe them in a light most favorable to the nonmoving party. *U.S. v. Ritchie*, 15 F.3d. at 598; *Cooley v. United States*, 791 F.Supp. 1294 (E.D.Tenn. 1992); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In considering a "factual attack", challenging the court's subject matter jurisdiction based upon the facts as alleged in the pleadings, a court will not presume the allegations of fact in the complaint to be true.  *Ritchie*, 15 F.3d. at 598.  Rather, the district court will weigh the conflicting evidence to determine whether the proper jurisdiction exists.  See *Cooley v. United States*, 791 F.Supp. 1294 (E.D.Tenn. 1992); *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).  In weighing the evidence, the court has broad discretion to consider affidavits, documents outside the complaint, as well as conduct a limited evidentiary hearing, if necessary, to resolve disputed jurisdictional facts.  However, at all times and on both types of attacks, the plaintiff bears the burden of demonstrating that the Court has jurisdiction over the subject matter.  *Ohio Nat'l Life Ins. Co.*, supra, 922 F.2d at 324; *Friedman v.United States,* 927 F.2d 259, 261 (6th Cir. 1991); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990); *Gould, Inc. V. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

3

## DISCUSSION

Pursuant to the Immigration Act of 1990, Congress transferred the power to naturalize from the district courts to the Attorney General (and now the Secretary of DHS).  The Secretary of DHS now has the "sole authority to naturalize persons as citizens of the United States."  See 8 U.S.C. § 1421(a).  Under the administrative naturalization process, USCIS is responsible for adjudicating naturalization applications, including conducting a preliminary investigation of the applicant, interviewing the applicant, conducting further investigation if necessary, and determining whether to grant or deny the application.  See INS § 335(a), (b), (c); 8 U.S.C. § 1466(a), (b), (c).  If USCIS initially denies an application, the applicant may seek administrative review of the denial by requesting a hearing before a supervisory immigration officer.  INA § 336(a); 8 U.S.C. §1447(a); 8 C.F.R. § 336.2(b).

Under this statutory scheme, the district courts have jurisdiction to review naturalization applications in two scenarios.  First, if the Secretary of DHS denies an application for naturalization, district courts have jurisdiction to review the denial de novo.  INA § 310(c), 8 U.S.C. §1421(c).  Second, district courts have jurisdiction under INA § 336(b), 8 U.S.C. § 1447(b), to hold a hearing on the naturalization application if USCIS has not granted or denied the application by "the end of the 120-day period after the date on which the examination is conducted under such section."  In such a case, the court "may either determine the matter or remand the matter, with appropriate instructions, to determine the matter."  INA § 336(b), 8 U.S.C. § 1447(b).

At issue in this case is whether the examination referred to in Section 1447(b) is simply the interview with a USCIS officer or the completion of the background investigation necessary

4

to adjudicate a naturalization application.  If the examination is simply the interview, then this Court would have subject matter jurisdiction as more than 120 days has passed since Plaintiff was interviewed by USCIS.  However, if examination means the completion of the background investigation, that process is not yet complete and the 120 day period has not yet begun to run and this Court would not have jurisdiction.  Courts have been divided on this issue.  After careful review of the statutory scheme and precedent, it is apparent to this Court that "examination" must refer to the entire background investigation, not merely an interview.[1]

The burden is on a lawful permanent resident to establish the two requirements necessary to qualify for naturalization: residency and good moral character. 8 U.S.C. § 1427(a), (e); 8 U.S.C. § 1429; 8 C.F.R. § 316.5, 316.10.  The USCIS is statutorily required to conduct background investigations before adjudicating a naturalization application to determine if the applicant is eligible for naturalization and is not a risk to national security or public safety.  See, INA § 335(a), (b); 8 U.S.C. § 1446(a), (b); see also, 8 C.F.R. § 335.1(2004). The background checks include:

(a) a Federal Bureau of Investigation (FBI) fingerprint check for relevant criminal history records on the alien (e.g., arrests and convictions); (b) a check against the DHS-managed Interagency Border Inspection System ("IBIS"), which contains records and "watch list" information form more than twenty federal law enforcement and intelligence agencies and which includes, but is not limited to, information related to persons who are wanted or under investigation for serious crimes or suspected of terrorism-related activity; and (c) an FBI name check,

---

[1]

 The question giving rise to the Plaintiff's suit may have been avoided altogether if the USCIS had refrained from scheduling an interview with the Plaintiff until after the FBI had completed a full background check on the applicant, as provided in 8 C.F.R. §335.2(b).  ("The Service will notify applicants for naturalization to appear before a Service officer for intitial examination on the naturalization application **only after** the Service has received a definitive response from the Federal Bureau of Investigation that a full background check of an applicant has been completed."(emphasis added))

5

which is run against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS. (Zarlenga Decl. ¶3).

USCIS cannot proceed to adjudicate a request for naturalization until all background and security checks have been completed, and until any and all issues that arise from those checks have been resolved.  (Zarlenga Decl. ¶9).

Because no entity, including this Court, can adjudicate a naturalization application before the mandatory background investigations are complete, the reasonable interpretation of "examination" in 8 U.S.C. § 1447(b) is that it refers to the entire examination process, not just to the initial interview.  Accordingly, the Court in *Danilov v. Aguirre*, 370 F.Supp.2d 441 (E.D. Va. 2005) was correct in holding that the interview of an applicant for naturalization "is merely a part of the overall examination process, as is a review of plaintiff's FBI background investigation, and the 120 day period does not begin to run until these and all other aspects of the examination process are completed."  *See also, Damra v. Chertoff*, 2006 WL 1786246, at *3 (N.D. Ohio June 23, 2006) (holding that the examination under 8 U.S.C. § 1447(b) "cannot be deemed complete until the FBI has concluded to its own satisfaction that [Plaintiff] is without a disqualifying criminal history.") Most recently, the Fifth Circuit held that the 120-day time period of 8 U.S.C. § 1447(b) does not begin to run until the USCIS receives the FBI's "definitive response," described in 8 C.F.R. § 335.2(b).  *Walji v. Gonzales*, _ _ _F.3d_ _ _, No. 06-20937, 2007 WL 1747911, at *3 (5th Cir. June 19, 2007). ("We cannot read the word "examination" in 8 U.S.C. § 1447(b), the triggering event for the 120-day period, to mean an examination that is premature because the FBI investigation mandated by 8 C.F.R. § 335.2(b) has not occurred.")

In this action, the FBI has not completed the name check on Plaintiff, therefore the mandatory background check is not complete.  Accordingly, the 120-day time period in

6

§ 1447(b) has not been triggered and this Court does not have subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1447(b).

Moreover, neither the Mandamus Act nor the Administrative Procedure Act confer jurisdiction on this Court to adjudicate Plaintiff's naturalization application.[2]  The Administrative Procedure Act does not itself, grant subject matter jurisdiction in any controversy.  See *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).  Rather, 28 U.S.C. § 1331 serves as the jurisdictional basis for federal courts to review agency action.  The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any Agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, "where Congress has provided an adequate procedure to obtain judicial review of an agency action, that statutory provision is the exclusive means of obtaining judicial review in those situations to which it applies."  *Memphis Trust Co. v. Bd. of Governors of Fed. Reserve Serv*., 584 F.2d 921,925 (6th Cir. 1978).  Thus, since this Court does not have jurisdiction at this time to review Plaintiff's naturalization application under the specific statutory provision for this purpose-- 8 U.S.C. § 1447(b)-- Plaintiff cannot circumvent the limitations of § 1447(b) by means of a more general grant of jurisdiction.[3]  *See Lahrar v. USCIS*, _ _ _F.Supp.2d _ _ _, 2007 WL

---

[2]

The parties agree that the declaratory judgment statute is not an independent basis for subject matter jurisdiction in the district courts.

[3]

In any event, even if the Court could exercise jurisdiction under the more general

7

1390665 at *3 (E.D. Va. May 8, 2007)("[W]hile plaintiff has sought to invoke two other potential sources of subject matter jurisdiction, the APA and § 1331, neither of these provisions applies where, as here, their application would 'allow a litigant to avoid limitations on a specific grant of jurisdiction, namely 8 U.S.C. § 1447(b), by means of a general grant of jurisdiction.'" (*citing El-Sayed v. Howard*, 1:06 cv 967 (E.D. Va. Dec. 1, 2006); *Danilov*, 370 F. Supp.2d at 444-45 (rejecting claim that subject matter jurisdiction existed under APA and mandamus statutes).

### CONCLUSION

For the reasons stated above, this Court doe not have subject matter jurisdiction over Plaintiff's petition.  Accordingly, Defendants' Motion to Dismiss (ECF #10) is GRANTED. This action is terminated.

IT IS SO ORDERED.

   s/Donald C. Nugent
JUDGE DONALD C. NUGENT

DATE:   October 4, 2007

---

provisions of the Mandamus Act, Plaintiff cannot establish that he has a clear right to the relief requested.  Under the statutory and regulatory provisions governing naturalization, a naturalization application cannot be adjudicated without the mandatory background investigation.  Accordingly, Plaintiff's application is not ready for adjudication and he has no clear right to have his application adjudicated before the background investigation is complete.

9